

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN, 11

GROVER SELLERS

ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6122
Re: Inheritance tax on intangibles belonging to the estate of Charles H. Jones, a non-resident.

From your request for opinion, dated July 19, 1944, and other instruments furnished by you, we state the following facts on which this opinion is based:

Charles H. Jones, a British subject and a resident of England, died on November 3, 1926, and no inheritance tax report was filed for his Texas estate. Decedent's entire Texas estate was a 5 per cent interest in a trust set up in the will of Morgan Jones, who died a resident of Taylor County, Texas, on April 11, 1926. This will was duly probated in Taylor County, and Percy Jones, executor and trustee under the will, is a resident of Taylor County.

Under the will, the Morgan Jones trust, subject to certain limitations not here material, was to continue for a period of fifteen years after the testator's death. The trust estate consisted of lands in Texas, money in Texas, stocks and bonds in Texas corporations, stocks and bonds in corporations organized in states other than Texas, United States Government Bonds, Federal Land Bank bonds, municipal bonds of cities outside of Texas, foreign country bonds, and a debt due the estate by a debtor residing outside of Texas. The certificates of stock and the bonds (except some of the Texas securities) were physically in the possession of a bank in New York for convenience in transfer and for safekeeping.

When the inheritance tax report for the Charles H. Jones estate was filed recently, the stocks and bonds of corporations organized in states other than Texas, United States Government Bonds, Federal Land Bank bonds, municipal bonds of cities outside of Texas, foreign country bonds, and the debt due the estate by a debtor residing outside of Texas were omitted from the report.

UNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Geo. H. Sheppard - Page 2

Your department has taken the view that Charles H. Jones' entire 5 per cent interest in the Morgan Jones estate is subject to inheritance tax, regardless of the domicile of the corporation which issued the bonds and stocks, and regardless of the physical location of the certificates or other evidences of ownership, and you request our opinion whether this position is correct.

The following is the pertinent portion of Article 7117, V. A. C. S.:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, . . . . whether belonging to inhabitants of this State or to persons who are not inhabitants, regardless of whether such property is located within or without this State, which shall pass absolutely or in trust by will or by the laws of descent or distribution . . . . shall, upon passing to or for the use of any person, corporation, or association, be subject to a tax. . . . "

The question of jurisdiction to tax property, both tangible and intangible, has been the subject of much discussion by the courts, and from time to time the premises on which such jurisdiction was based have been changed. Finally, in Curry v. McCanless (1939), 307 U. S. 357, 83 L. Ed. 1339, 59 S. Ct. 900, 123 A. L. R. 162, jurisdiction to tax land, tangible personalty and intangible personalty was placed squarely on the protection or benefit theory of taxation as correlated with the control of the laws of the particular state over the thing or person taxed.

In Curry v. McCanless, decedent, a resident of Tennessee, transferred certain stocks and bonds to an Alabama trust corporation by trust indenture, reserving the income for life, the power to remove the trustee and substitute another, the power to direct sale and investment of the trust property, and the power to dispose of the trust estate by her last will and testament. Until decedent's death the evidences of the intangibles were located in Alabama and the trust corporation administered the trust in that state. At her death, decedent exercised the reserved power of testamentary disposition, and bequeathed the trust property to the same trustee,

Honorable Geo. H. Sheppard - Page 3

but changed the original trust indenture as to amounts and estates. Decedent further appointed Tennessee and Alabama trust companies executors as to the properties which she might own and have the right to dispose of by will in the respective states. The executors brought suit in the chancery court of Tennessee against the tax officials of Alabama and Tennessee praying for a declaratory judgment to determine the portions of the estate taxable by the respective states.

The state courts assumed that the due process clause, as construed by previous cases in the Supreme Court (Farmers Loan & Trust Co. v. Minnesota, 280 U. S. 204, 74 L. Ed. 371, 50 S. Ct. 98; First National Bank v. Maine, 284 U. S. 312, 76 L. Ed. 313, 52 S. Ct. 174; Baldwin v. Missouri, 281 U. S. 586, 74 L. Ed. 1056, 50 S. Ct. 436; and others), forbade both states' taxing the transfer and that one or the other had to be selected as the situs of the intangibles. The Supreme Court, in an opinion by Stone, held that both Alabama and Tennessee had jurisdiction, unlimited by due process, to impose a death tax on transfer of the intangibles. Jurisdiction to tax was placed on the protection or benefit theory. However, tangible and intangible personalty were distinguished on the ground that in the case of the former control could be exerted over and protection afforded to the physical thing, while in the case of the latter the court said (307 U. S. at 369):

"Very different considerations, both theoretical and practical, apply to the taxation of intangibles, that is, rights which are not related to physical things. Such rights are but relationships between persons, natural or corporate, which the law recognizes by attaching to them certain sanctions enforceable in courts. The power of government over them and the protection which it gives them cannot be exerted through control of a physical thing. They can be made effective only through control over and protection afforded to those persons whose relationships are the origin of the rights . . . . .

" . . . .

"Here, for reasons of her own, the testatrix, although domiciled in Tennessee and enjoying the benefits of its laws, found it advantageous to create a trust of intangibles in Alabama by vesting legal

Honorable Geo. H. Sheppard - Page 4

title to the intangibles and limited powers of control over them in Alabama. But she also provided that by resort to her power to dispose of property by will, conferred upon her by the law of the domicile, the trust could be terminated and the property pass under the will. She thus created two sets of legal relationships resulting in distinct intangible rights, the one embodied in the legal ownership by the Alabama trustee of the intangibles, the other embodied in the equitable right of the decedent to control the action of the trustee with respect to the trust property and to compel it to pay over to her the income during her life, and in her power to dispose of the property at death.

" . . . . .

"She necessarily invoked the aid of the law of both states, and her legatees, before they can secure and enjoy the benefits of succession, must invoke the law of both."

It is evident that the legal ownership of the Alabama trustee was sufficient to justify the imposition of a tax in that state. Even under the old idea of localizing of intangibles, it must be conceded, as did Butler in his dissent, that Alabama had the jurisdiction to tax on the basis of "business situs."

A similar situation was presented in Graves v. Elliott, 307 U. S. 383, 83 L. Ed. 1356, 59 S. Ct. 913, and the jurisdiction of the State, which was the situs of the trust, to tax was beyond question. So also in a case of property tax: Safe Deposit and Trust Co. v. Virginia, 280 U. S. 83, 74 L. Ed. 76, 50 S. Ct. 59, 67 A. L. R. 386. See also: 18 Texas Law Review 296.

The protection, benefit and control theory of taxation of intangibles was reaffirmed by the Supreme Court in State Tax Commission of Utah v. Aldrich, 316 U. S. 174, 86 L. Ed. 1358, 62 S. Ct. 1008.

So here, Charles H. Jones' interest in the Morgan Jones trust is taxable under either theory. The trust owes its existence to the laws of the State of Texas. Texas law

defines the nature and extent of the interest of the benefi-
ciaries in the trust. Texas law affords protection for those
rights. Certainly the State has given something for which it
can demand a quid pro quo in return.

Under the other theory, the legal ownership of the
intangibles in question by the Texas trustee gives them a
business situs in Texas and subjects them to an inheritance
tax under Article 7117, V. A. C. S. Such intangibles are
"property within the jurisdiction of this state."

You are therefore advised that Charles H. Jones'
entire five per cent interest in the Morgan Jones estate
is subject to inheritance tax.

We return your file herewith.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By     *Arthur L. Moller*

Arthur L. Moller
Assistant

ALM/pw

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN